AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| JOSEPH REYES<br>*Defendant* | Case Number: 06-20124-01-CM-DJW |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| Dated: August 30, 2006 | s/ David J. Waxse |
|---|---|
| | *Signature of Judicial Officer* |
| | DAVID J. WAXSE, U.S. MAGISTRATE JUDGE |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Joseph Reyes
Criminal Action 06-20124-01-CM-DJW

## Part II - Written Statement of Reasons for Detention

I have to look at a series of factors to determine whether or not there are conditions that will assure your appearance and provide for the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is one for which a maximum term of imprisonment is ten years or more, or involves a narcotic drug; those exist in your case, so those are negative factors.

The weight of the evidence involves a probable cause determination by the Grand Jury.

The next factor is the history and characteristics of the person, including your physical and mental condition.  There is nothing about your physical or mental condition that would be a negative or a positive, so we will treat that as a neutral.

The next factor is family ties. There is no indication of close family ties in the community you intend to return to, so that is a negative.

The next factor is employment.  There is no indication you are employed.

The next factor is financial resources.  There is no indication you have large resources that would assist you in fleeing, so that is a positive factor towards releasing you.

The next factor is length of residence in the community, which is a positive.

Community ties is a positive factor.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.   You have had numerous times where society has told you to stop this kind of behavior and you continue the behavior.

The other factors are whether at the time of the current offense you were on probation, parole, or other release.  You were, which is another problem because there are conditions of parole or

2

probation that you not violate the law, and there are probable cause determinations that you did.

The final factor is the nature and seriousness of the danger to the community that would be posed by your release. Possible distribution of crack cocaine is a substantial danger to the community.

The proposal made by your counsel about electronic monitoring is not sufficient to protect the community.

For all of these reasons, you will remain detained pending further hearing.